JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Maxey, Gail and David

**(b)** County of Residence of First Listed Plaintiff: Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gerald B. Baldino, Jr., Esquire/Sacchetta & Baldino
308 E. 2nd St., Media, PA 19063  610-891-9212

## DEFENDANTS
West Grove Hospital Company, LLC

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC §1332
Brief description of cause:
premises liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 8/1/16
SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

SACCHETTA & BALDINO
BY: GERALD B. BALDINO, JR., ESQUIRE          Attorney for Plaintiff
I.D. No. 55624
308 East Second Street
Media, PA 19063
(610)891-9212

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION

| | |
|---|---|
| GAIL MAXEY and DAVID MAXEY, W/H : <br> 139 E. Ruddy Duck Circle : <br> Oxford, PA 19363 : <br>                 Plaintiff : <br> v. : <br> : <br> WEST GROVE HOSPITAL COMPANY, LLC : <br> c/o Corporation Service Company : <br> 2595 Interstate Drive, Suite 103 : <br> Harrisburg, PA 17110 : <br>                 Defendant : | IN ARBITRATION |

## COMPLAINT

AND NOW, come the plaintiffs, by and through their attorney, Gerald B. Baldino, Jr., Esquire, and aver as follows:

1. Federal jurisdiction in this matter is asserted pursuant to 28 U.S.C. §1332. Venue is properly laid within the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b) and (c).

### Parties

2. Plaintiff Gail Maxey is an adult individual residing at 139 E. Ruddy Duck Circle, Oxford, PA 19363.

3. Plaintiff David Maxey is an adult individual residing at 139 E. Ruddy Duck Circle, Oxford, PA 19363, and is the husband of plaintiff Gail Maxey.

4. Defendant, West Grove Hospital Company, LLC, is a Delaware corporation existing and doing business under the laws of the Commonwealth of Pennsylvania, with a registered corporate office c/o Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110.

### Facts

5. At all times relevant hereto, defendant was in the exclusive possession, management and control of the Jennersville Regional Hospital located at 1015 West Baltimore Pike, West Grove, PA 19390.

6. On or about August 18, 2014, plaintiff Gail Maxey was walking to her vehicle after leaving a dental office located in the Jennersville Regional Hospital facility when she was caused to fall on a "dip" in the surface of the pedestrian walkway at a handicapped ramp which was not properly demarcated.

### COUNT I
### Gail Maxey v. West Grove Hospital Company, LLC
### Loss of Consortium

7. All preceding paragraphs of this Complaint are incorporated herein by reference as though fully set forth at length.

8. The accident was caused exclusively and solely by the defendant's negligence, in that:

　　(a)　defendant caused or permitted a "dip" to exist in the pedestrian walkway at its intersection with the handicapped ramp;

　　(b)　Defendant failed to make a reasonable inspection of the premises, which would have revealed the defective and dangerous condition of the pedestrian walkway;

    (c)    Defendant failed to give warning of the dangerous condition created by the defective walkway, failed to erect barricades or to take any other safety precautions to prevent injury to the plaintiff and others using the walkway;

    (d)    Defendant failed to construct or maintain the pedestrian walkway in accord with State, Local and Federal ordinances, laws and regulations;

    (e)    Defendant failed to exercise reasonable prudence and due care to keep the pedestrian walkway in a safe condition for plaintiff and other similarly invited patrons.

9.    The defendant, through its employees, servants and agents, either had actual notice of the unsafe and dangerous condition of the walkway and sufficient time to correct the dangerous situation, or the condition existed for so long a period of time prior to the occurrence that defendant, in the exercise of due care, could and should have known of the unsafe and dangerous condition of the pedestrian walkway.

10.    Solely as a result of the negligence of defendant, plaintiff was caused to suffer various physical injuries, including but not limited to abrasions, bruises and contusions about the body, traumatic injury to the right foot, and a fractured fifth metatarsal.

11.    As a direct result of the aforesaid fall, plaintiff suffered severe shock to her nervous system, great physical pain, and mental anguish, all of which may continue for an indefinite period of time into the future.

12.    Plaintiff has been compelled to expend various sums of money for medication and medical attention in attempting to remedy the aforementioned injuries.

13.    As a result of the fall, plaintiff has sustained a loss of wages.

14.    As a result of her injuries, plaintiff may have suffered a permanent disability and permanent impairment of her earning power and capacity.

15. As a direct result trip and fall, plaintiff has been prevented from attending to her usual duties and obligations, and believes that she may be prevented from so doing in future, as her injuries seem to be permanent in nature.

WHEREFORE, plaintiff Gail Maxey demands judgment against defendant in an amount not in excess of the compulsory arbitration limit of this court.

## COUNT II
### David Maxey v. West Grove Hospital Company, LLC
### Loss of Consortium

16. All preceding paragraphs of this Complaint are incorporated herein as through fully set forth at length.

17. By reason of the aforementioned negligence of the defendant, plaintiff David Maxey has been deprived of the assistance, companionship and society of his wife, plaintiff Gail Maxey, which deprivation has been to his great damage and loss.

WHEREFORE, plaintiff David Maxey demands judgment against defendant in an amount not in excess of the compulsory arbitration limit of this court.

_____
GERALD B. BALDINO, JR., ESQUIRE
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Gail Maxey and David Maxey, W/H | : | CIVIL ACTION |
| v. | : | |
| West Grove Hospital Company, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

| | | |
|---|---|---|
| <u>August 2, 206</u> | <u>**Gerald B. Baldino, Jr., Esquire**</u> | <u>**Gail & David Maxey, pltfs**</u> |
| **Date** | **Attorney-at-law** | **Attorney for** |
| <u>(610)891-9212</u> | <u>(610)891-7190</u> | <u>jerry@sbattorney.com</u> |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __139 E. Ruddy Duck Circle, Oxford, PA 19364__

Address of Defendant: __c/o Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110__

Place of Accident, Incident or Transaction: __Jennersville Regional Hospital, West Grove, PA__
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☐

Does this case involve multidistrict litigation possibilities?  Yes☐  No☐

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☑ Other Personal Injury (Please specify) Premises liability
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

### ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, _____, counsel of record do hereby certify:
  ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
  ☐ Relief other than monetary damages is sought.

DATE: _____  _____  _____
                        Attorney-at-Law         Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __8/1/16__  _____  __55624__
                   Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)